UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 25-1257

KAREN READ,
Petitioner - Appellant

v.

NORFOLK COUNTY SUPERIOR COURT; ANDREA J. CAMPBELL,
MASSACHUSETTS ATTORNEY GENERAL,
Respondents - Appellees

**APPELLANT KAREN READ'S ASSENTED-TO MOTION TO SET
EXPEDITED BRIEFING SCHEDULE**

Now comes the appellant Karen Read and respectfully moves this Honorable Court to set an expedited briefing schedule in this matter. Read faces pending criminal charges, including second-degree murder, in state court, with a trial scheduled to begin April 1, 2025. Read's habeas petition, which gives rise to the present appeal, contends that her retrial on two of the three charges, including the murder charge, will violate her federal constitutional protections against Double Jeopardy. Accordingly, Read respectfully requests that this Court set the following

1

briefing schedule: (1) Read's principal brief due Tuesday, March 18, 2025; (2) Respondents' brief due Monday, March 24, 2025; and (3) Read's reply brief due Wednesday, March 26, 2025. Read respectfully submits that this expedited briefing schedule is necessary to allow this Court to consider Read's appeal prior to her pending trial date. Petitioner reserves the right to seek a stay of the April 1, 2025 trial date to permit resolution of the appeal, even if the Court allows this motion for an expedited schedule. As further grounds and reasons for this request, petitioner states as follows:

1. On June 9, 2022, Read was charged in three separate indictments with second-degree murder in violation of Mass. Gen. Laws c. 265, § 1 (Count 1); manslaughter while operating under the influence of alcohol in violation of Mass. Gen. Laws c. 265, § 13½ (Count 2); and leaving the scene of a collision resulting in death in violation of Mass. Gen. Laws c. 90, § 24(2)(a½)(2) (Count 3). A jury trial began in Norfolk County Superior Court on April 16, 2024. The trial court declared a mistrial on July 1, 2024.

2. After the mistrial, Read moved to dismiss Counts 1 and 3 on Double Jeopardy grounds, contending (1) that the jury reached a final, unanimous decision to acquit her on those charges; and (2) that there was no manifest necessity supporting the mistrial. The motion was predicated, in part, upon affidavits by

counsel reflecting statements of four deliberating jurors that the jury had agreed Read is not guilty of the relevant counts (and a second-hand statement attributed to a fifth juror stating that the jury had agreed Read is not guilty of murder).  On August 22, 2024, after hearing oral argument, the Superior Court issued an order denying Read's motion to dismiss.

3. On September 11, 2024, Read filed a petition for relief to the Supreme Judicial Court ("SJC") pursuant to Mass. Gen. Laws c. 211, § 3.  On September 19, 2024, a single justice of the SJC (Dewar, J.) reserved and reported the case, without decision, to the full Court.  On February 11, 2025, the SJC issued an opinion affirming the denial of Read's motion to dismiss.  *See generally Read v. Commonwealth*, 495 Mass. 312 (2025).

4. Read filed her federal petition for habeas corpus on February 18, 2025.  Before denying her petition on the merits in a March 13, 2025 order, the district court found that (1) Read satisfied the custody requirement to bring a habeas petition, *see Allen v. Att'y Gen. of Me.*, 80 F.3d 569, 572 (1st Cir. 1996); (2) she exhausted her state-court remedies; and (3) no abstention doctrine barred consideration of the petition, *see Allen*, 80 F.3d at 572; *Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 303 (1984).

5. The district court granted a certificate of appealability, finding that Read made a "substantial showing of the denial of a constitutional right as to all claims." Doc. 28 at 2 (citation omitted).[1]

6. As the Supreme Court has observed, "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment . . . . However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense." *Abney v. United States*, 431 U.S. 651, 660 (1977). "Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if

---

[1] While a certificate of appealability is not required to appeal from the denial of Read's petition under 28 U.S.C. § 2241, *see Gonzalez v. Justices of Mun. Court of Bos.*, 382 F.3d 1, 6 (1st Cir. 2004), *vacated on other grounds and subsequently reinstated*, 420 F.3d 5, the district court's *sua sponte* grant of a certificate of appealability and corresponding finding that the constitutional issues raised by Read are substantial remains noteworthy.

convicted, has h[er] conviction ultimately reversed on double jeopardy grounds, [s]he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Id.* at 662.

7. Read respectfully submits that she should be permitted to appeal the denial of her "substantial" constitutional claims prior to being forced to stand trial a second time, in what she contends would be a violation of her Double Jeopardy rights.

8. The Respondents assent to the expedited briefing schedule set forth above.

<br>

Respectfully submitted,
Karen Read
By her Attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (Telephone)
(617) 338-9538 (Fax)
owlmgw@att.net

**/s/ Michael Pabian**
Michael Pabian
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116

(617) 227-3700 (Telephone)  
(617) 338-9538 (Fax)  
pabianlaw38@gmail.com

## CERTIFICATE OF SERVICE

      I, Martin G. Weinberg, hereby certify that on this 14th day of March, 2025, I caused one copy of the within Motion to be served on all parties of record via this Court's ECF system.

                                              **/s/ Martin G. Weinberg**
                                              Martin G. Weinberg