UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 25-1257

KAREN READ,
Petitioner - Appellant

v.

NORFOLK COUNTY SUPERIOR COURT; ANDREA J. CAMPBELL,
MASSACHUSETTS ATTORNEY GENERAL,
Respondents - Appellees

### APPELLANT KAREN READ'S MOTION TO STAY STATE COURT PROCEEDINGS PENDING APPEAL

Now comes the appellant Karen Read and respectfully moves this Honorable Court, pursuant to 28 U.S.C. § 2251 and Fed. R. App. P. 8(a)(2), for a stay of her trial, scheduled for April 1, 2025, in Norfolk County Superior Court pending the resolution of this appeal contending that such trial will violate her Double Jeopardy rights.  The Respondent takes no position on the appropriateness of the proposed remedy in this particular case.

On February 18, 2025, just one week after the conclusion of her state court

1

appeal, Read filed her federal petition for habeas corpus, alleging that her pending April 1, 2025 retrial in Norfolk County Superior Court on charges of second-degree murder and leaving the scene of a collision will violate her federal Double Jeopardy rights. Doc. 1. After oral argument, on March 13, 2025, the district court denied Read's petition. Doc. 27. Before denying the petition on the merits, the district court found that (1) Read, who is on pre-trial release pending her state court trial date, properly brought her petition under 28 U.S.C. § 2241; (2) she satisfied the custody requirement to bring a habeas petition, *see Allen v. Att'y Gen. of Me.*, 80 F.3d 569, 572 (1st Cir. 1996); (3) she exhausted her state-court remedies; and (4) no abstention doctrine barred it from considering the petition, *see Allen*, 80 F.3d at 572; *Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 303 (1984). Doc. 27 at 9-11. The district court granted a certificate of appealability, finding that Read made a "substantial showing of the denial of a constitutional right as to all claims." Doc. 28 at 2 (citation omitted).

Read filed a notice of appeal on March 13, 2025, the same day that the district court denied her petition. Pursuant to the expedited briefing schedule agreed upon by the parties, this appeal will be fully briefed on March 26, 2025, just four business days before Read's scheduled retrial.

On March 19, 2025, Read filed in the state superior court an assented-to

motion to continue trial to April 28, 2025, attached hereto as Exhibit A, to permit her to appeal the denial of her Double Jeopardy claims. The superior court denied the assented-to motion, ruling that jury selection would begin on April 1, 2025, and that it would hear the defense on the motion again before the jury is sworn if Read's appeal remains pending.

On March 20, 2025, Read filed a motion to stay in district court. *See* Doc. 32. The district court denied the motion on March 21, 2025 without explanation. *See* Doc. 33.

As the Supreme Court has observed, "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. . . . It is a guarantee against being twice put to trial for the same offense." *Abney v. United States*, 431 U.S. 651, 660-61 (1977). "Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has h[er] conviction ultimately reversed on double jeopardy grounds, [s]he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Id.* at 662.

Under *Abney*, a defendant facing federal charges is entitled to a stay pending adjudication of her Double Jeopardy claim, unless that claim is found to be frivolous. *See, e.g.*, *United States v. Ramirez*, 884 F.2d 1524, 1532 (1st Cir. 1989). The petitioner respectfully submits that a defendant facing charges in state court is entitled to the same protection. *See Harpster v. Ohio*, 128 F.3d 322, 325 (6th Cir. 1997) (affirming stay of state court proceedings because "petitioner [wa]s entitled to have his double jeopardy claim litigated before being retried"); *Gonzalez v. Justices of Mun. Court of Bos.*, No. 03-CV-10859, Doc. 9 (D. Mass. June 16, 2003) (enjoining state prosecution "[i]n order to permit the meaningful adjudication of the petitioner's claim under the Double Jeopardy Clause").

Federal statute expressly provides that a habeas court "may . . . pending appeal[] stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2251(a)(1). "After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void." § 2251(b).

Alternatively, assuming *arguendo* the Court finds that it must apply the generally applicable test for issuance of a preliminary injunction, *see Gilliam v. Foster*, 61 F.3d 1070, 1078 (4th Cir. 1995) (reflecting parties' agreement that that

standard applied), the petitioner respectfully contends that (1) Read will be irreparably harmed by the denial of a stay which would force her to undergo a retrial that she contends violates her Double Jeopardy rights; (2) Read has a strong likelihood of success on the merits for reasons set forth in her opening brief with the Court (and the district court found the issues raised by her petition to be substantial); (3) the Respondents will suffer no irreparable harm from a stay pending adjudication of Read's petition (indeed, the Commonwealth agreed to an approximately four-week continuance in state court); and (4) a stay is therefore in the public interest.

The superior court's statement that it would re-hear Read on the motion to continue prior to the jury being sworn is not sufficient to protect Read's rights. If the superior court again denies Read's motion at that point, she will immediately be placed in jeopardy a second time with no ability to seek a stay with this Court to prevent what she asserts is a violation of her constitutional rights. Additionally, Read's trial counsel cannot realistically be expected to select a jury without knowing whether the trial will include all three counts or only Count 2.

In sum, the petitioner respectfully submits that the Double Jeopardy protections at stake in this matter are simply too important to force Read to stand

5

trial for murder, in what she contends would be a violation of her rights, before having the opportunity to appeal her "substantial" constitutional claims.

Respectfully submitted,
Karen Read
By her Attorneys,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (Telephone)
(617) 338-9538 (Fax)
owlmgw@att.net

**/s/ Michael Pabian**
Michael Pabian
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
(617) 227-3700 (Telephone)
(617) 338-9538 (Fax)
pabianlaw38@gmail.com

## CERTIFICATE OF SERVICE

      I, Martin G. Weinberg, hereby certify that on this 21st day of March, 2025, I caused one copy of the within Motion to be served on all parties of record via this Court's ECF system.

      **/s/ Martin G. Weinberg**
      Martin G. Weinberg